

IN THE GRAND COURT OF THE CAYMAN SLANDS
FINANCIAL SERVICES DIVISION

Cause No. FSD 310 of 2024 (IKJ)

IN THE MATTER OF THE COMPANIES ACT (2023 REVISION)
AND IN THE MATTER OF CANTERBURY GROUP

The Honourable Justice Kawaley
10 October 2024

---

### ORDER FOR APPOINTMENT OF JOINT PROVISIONAL LIQUIDATORS

---

**UPON** the application of Canterbury Securities, Ltd. (in Official Liquidation) (the **"Petitioner"**) by Summons dated 1 October 2024 for an order that Karen Scott and Russell Homer be appointed as joint provisional liquidators of Canterbury Group (the **"Company"**) and that Mark Longbottom be appointed as conflict provisional liquidator of the Company

**AND UPON** hearing counsel for the Petitioner

**AND UPON** reading the Petition, the first affidavit of Karen Scott sworn on 30 September 2024 and the first affidavit of Russell Homer sworn on 1 October 2024 and the first affidavit of Mark Longbottom sworn on 27 September 2024

**AND UPON** the Petitioner undertaking by counsel to pay any damage suffered by the Company as result of this order and/or the appointment of the provisional liquidators and the remuneration and expenses of the provisional liquidators, in the event that the winding up petition is ultimately withdrawn or dismissed

1

---

**THIS ORDER** was filed by Nelsons Attorneys at Law Ltd, attorneys for the Petitioner, whose address for service is Grand Pavilion, 802 West Bay Road, George Town, Grand Cayman (Ref: JH/AC/4911-2)

**IT IS ORDERED THAT:**

1. Karen Scott and Russell Homer of Chris Johnson Associates Ltd., Elizabethan Square, P.O. Box 2499, 80 Shedden Road, George Town, Grand Cayman, Cayman Islands KY1-1104 be appointed as joint provisional liquidators (the **"JPLs"**) of the Company.

2. That Mark Longbottom of Krys & Associates Cayman Ltd, Governors Square, Building 3 Ground Floor, 23 Lime Tree Bay Avenue, Grand Cayman KY1-1205 be appointed as conflict provisional liquidator (**"Conflict PL"**) with authority to deal with all matters of conflict which may arise as a result of the JPLs' respective roles as joint official liquidators of the Petitioner. The Conflict PL shall have all of the powers granted to the JPLs by this Order as he may require in the discharge of his functions.

3. The JPLs and the Conflict PL shall not be required to give security for their appointment.

4. The JPLs have the power to change the registered office of the Company at their discretion.

5. The JPLs have the power to act jointly and severally in their capacity as provisional liquidators of the Company and have the power to conduct the ordinary, day-to-day business operations of the Company.

6. The JPLs and the Conflict PL are hereby directed jointly and severally to take such steps as, in their discretion, may be necessary or expedient:

    6.1. for the protection and preservation of the value of the Company's assets, rights and/or property of every description, including property held on trust, whether held by the Company, its subsidiaries, or any other person; and

    6.2. for preventing the dissipation or misuse of the Company's assets and those of its subsidiaries; and

    6.3. for the realisation of the Company's assets for the benefit of its creditors.

7. For the purposes set out at paragraph 6 above, the JPLs be directed to investigate and report on the affairs of the Company within and outside of the Cayman Islands, including in (without limitation) Canada, the United States of America, Mexico and Panama.

**THIS ORDER** was filed by Nelsons Attorneys at Law Ltd, attorneys for the Petitioner, whose address for service is Grand Pavilion, 802 West Bay Road, George Town, Grand Cayman (Ref: JH/AC/4911-2)

8.  The JPLs be authorised to exercise without further sanction or order of the Court within and outside of the Cayman Islands the following powers specified in Part II of the Third Schedule to the Companies Act;

    8.1.  To identify, take possession of, collect and get in the property of the Company, including without limitation all bank accounts, computer servers or other related equipment, digital assets, including any property held on trust by the Company, and for that purpose to take all such proceedings as they consider necessary;

    8.2.  To do all acts and execute, in the name and on behalf of the Company, all deeds, receipts and other documents and for that purpose to use, when necessary, the Company seal; and

    8.3.  To do all other things incidental to the exercise of their powers.

9.  Further, the JPLs be authorised to exercise without further sanction or order of the Court within and outside the Cayman Islands the following powers as specified in Part I of the Third Schedule to the Companies Act:

    9.1.  To continue or defend any action or other legal proceedings in the name and on behalf of the Company other than the Petition;

    9.2.  To engage staff (whether or not as employees of the Company) to assist in the performance of their functions as JPLs; and

    9.3.  To engage attorneys and other professionally qualified persons to assist them in the performance of their functions.

10.  Further and in any event, the JPLs be authorised to exercise without further sanction or order of the Court within and outside the Cayman Islands the following powers:

    10.1.  To commence winding up proceedings and/or any insolvency process in the Cayman Islands or any other country in respect of any subsidiaries of the Company;

    10.2.  To ascertain, demand, receive and give valid receipts for and protect the moneys, properties, securities, debts and things in action and all other assets of the Company, whether within or outside the jurisdiction of this Court and for that purpose to take all such proceedings as they consider necessary;

**THIS ORDER** was filed by Nelsons Attorneys at Law Ltd, attorneys for the Petitioner, whose address for service is Grand Pavilion, 802 West Bay Road, George Town, Grand Cayman (Ref: JH/AC/4911-2)

10.3. To collect, get in, inspect, review, secure, take possession of and copy the books, records, and documents of the Company and its subsidiaries (whether in hard copy, electronic form or otherwise), with or without the assistance of the Court or a court of competent jurisdiction, in order to: (i) ascertain, and conduct investigations of the affairs of the Company and its subsidiaries; (ii) prevent destruction and/or alteration of those documents and for those purposes to take all such proceedings as the JPLs consider necessary. For the avoidance of doubt, such powers shall include but are not limited to:

10.4. requiring any of the directors and/or former directors of the Company and its owners, controllers and subsidiaries to provide to the JPLs any documents and/or information of the Company and its subsidiaries in their possession or control; and

10.4.1. requiring any service providers of the Company and its subsidiaries to provide to the JPLs any documents and/or information in their possession or control which the Company and/or any of its subsidiaries has a right to receive;

10.5. To do all such things as may be necessary or expedient for the protection or recovery of the Company's property at law or in equity, including such property held on trust by the Company or its subsidiaries, in such jurisdictions as may be appropriate including, without limitation, in the Cayman Islands, Canada, the United States of America, Mexico and Panama;

10.6. To examine individuals on oath or otherwise, both with or without the assistance of the Court or any court of competent jurisdiction, if the JPLs consider it expedient for the purpose of protecting the assets of the Company including as part of the investigation referred to at paragraph 7 above;

10.7. To take control of the subsidiaries of, and other companies controlled by, the Company (or such shares of subsidiaries or companies controlled by the Company), to manage the affairs or carry on or close or cease to operate all or any part of the business of such subsidiaries or companies (in accordance with

**THIS ORDER** was filed by Nelsons Attorneys at Law Ltd, attorneys for the Petitioner, whose address for service is Grand Pavilion, 802 West Bay Road, George Town, Grand Cayman (Ref: JH/AC/4911-2)

the constitutional documents of such companies) if the JPLs consider it expedient for the purpose of protecting the assets of the Company, including such property held on trust by the Company and its subsidiaries, including as part of the investigation referred to at paragraph 7 above;

10.8.   To call or cause to be called such meetings of subsidiaries or companies otherwise controlled by the Company, or take such further and other action, as permitted in accordance with the constitutional documents of such subsidiaries or companies as the JPLs consider it necessary to remove directors or appoint additional directors to the Board of Directors of such subsidiaries or companies as the JPLs consider expedient for the purpose of protecting the property of the Company or property held on trust by the Company or its subsidiaries, or companies otherwise controlled by the Company, including by assisting with the investigation referred to at paragraph 7 above;

10.9.   To do all such things as may be necessary or expedient to freeze or preserve property held by any person or entity, whether a related party or otherwise, against which the Company has a claim and where there is a risk of dissipation in such jurisdictions as may be appropriate including, without limitation, in the Cayman Islands, Canada, the United States of America, Mexico and Panama;

10.10.  To carry on the business of the Company, to the extent necessary for its beneficial winding up;

10.11.  To communicate with and carry out any necessary filings with regulatory bodies as appropriate, including, without limitation, the Cayman Islands Registrar of Companies in the name and on behalf of the Company;

10.12.  To appoint agents in the Cayman Islands, Canada, the United States of America, Mexico and Panama and elsewhere to do any business contemplated by this Order which they are unable to do themselves or which can more conveniently be done by an agent;

10.13.  To open or to close any bank accounts in the name and on behalf of the Company and to open any bank accounts on behalf of the Company (in

**THIS ORDER** was filed by Nelsons Attorneys at Law Ltd, attorneys for the Petitioner, whose address for service is Grand Pavilion, 802 West Bay Road, George Town, Grand Cayman (Ref: JH/AC/4911-2)

provisional liquidation) for the purpose of paying the costs and expenses of the provisional liquidation;

10.14. To render and pay invoices out of the assets of the Company for their own remuneration at the rates prescribed by the Insolvency Practitioners' Regulations (2023 Consolidation) (IPRs) together with all reasonable costs, charges and expenses of their attorneys, and all other agents, managers, accountants or other persons that the JPLs shall employ on an account basis and subject to final approval by the Court;

10.15. To discharge all costs, expenses, and debts incurred by the Company as expenses or disbursements properly incurred in the provisional liquidation;

10.16. To employ, appoint, and to dismiss officers and employees of the Company, including the current directors of the Company;

10.17. To effect insurance in relation to the Company's business, assets, and operations;

10.18. To convene meetings of contributories and creditors; and

10.19. To constitute an ad hoc committee of creditors as soon as practically possible.

11. Pursuant to Regulation 10 of the IPRs the JPLs shall apply to the Court for the approval of their remuneration, such application being made on notice to the Company.

12. The powers of the Company's Board of Directors are hereby suspended, save as far as the JPLs may restore any powers of the directors of the Company in writing as the JPLs in their absolute discretion shall see fit having determined that the exercise of such power is necessary to give effect to this Order.

13. The JPLs be authorised to take any such action as may be necessary or desirable to obtain recognition of the JPLs and/or their appointment in Canada, the United States of America, Mexico, Panama and in any other relevant jurisdiction, and to make applications to the courts of such jurisdictions for that purpose or for the purpose of obtaining information to assist them in their investigations pursuant to paragraph 7 of this Order.

14. Until further order, the directors and former management of the Company and its wholly owned subsidiaries as at the date of this Order, shall assist the JPLs in the exercise of their

**THIS ORDER** was filed by Nelsons Attorneys at Law Ltd, attorneys for the Petitioner, whose address for service is Grand Pavilion, 802 West Bay Road, George Town, Grand Cayman (Ref: JH/AC/4911-2)

powers and duties, including but not limited to consulting and meeting with the JPLs as the JPLs may require and providing all such documents, information, and assistance as the JPLs may request.

15. The JPLs shall prepare and file written reports to the Court (JPL Reports) setting out the JPLs' analysis and conclusions with respect to their investigations. In the JPLs' reports, the JPLs shall inter alia include confirmation and details of whether they have identified as part of their investigations or have reason to believe, that there may be wrongdoing or potential wrongdoing by any office holders in the Company or parties connected to the Company.

16. No disposition of the Company's property by or with the authority of the JPLs in carrying out their duties and functions and exercise of their powers under this Order shall be voided by virtue of section 99 of the Companies Act.

17. No suit, action or other proceedings, including criminal proceedings, shall be proceeded with or commenced against the Company in accordance with section 97 of the Companies Act except with the leave of the Court and subject to such terms as the Court may impose save that the Petitioner is hereby granted leave to continue the proceedings taking place in the Cayman Islands Grand Court with cause number FSD 133 of 2024 (DDJ) (the **"Proceedings"**) including any appeals from the Proceedings.

18. The JPLs and the Company have liberty to apply.

19. Until further Order the Petitioner shall not be required to effect service of the Petition pursuant to Order 3 rule 5(3) of the Companies Winding Up Rules.

20. The Petitioner shall be entitled to its costs of and incidental to the application for the appointment of joint provisional liquidators which are to be paid out of the assets of the Company as an expense of the provisional liquidation.

Dated this 10th day of October 2024

Filed this 10th day of October 2024

**THE HON. JUSTICE KAWALEY**
**JUDGE OF THE GRAND COURT**

**THIS ORDER** was filed by Nelsons Attorneys at Law Ltd, attorneys for the Petitioner, whose address for service is Grand Pavilion, 802 West Bay Road, George Town, Grand Cayman (Ref: JH/AC/4911-2)